UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY DAVIS**                                                                                      **CIVIL ACTION**

**VERSUS**                                                                                                **NO. 22-2521**

**JOSEPH LOPINTO**                                                                            **SECTION: "D"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Larry Davis, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.[1] He sued Jefferson Parish Sheriff Joseph Lopinto. In this lawsuit, plaintiff claimed that he was not protected from attacks by a fellow inmate.

The Court held a Spears hearing in this matter on August 31, 2022.[2] Based on plaintiff's complaint and his testimony at that hearing, the Court finds that he is making the following allegations in this lawsuit: While incarcerated at the Jefferson Parish Correctional Center in July of 2022, plaintiff was attacked twice by Jaquan Brown, a fellow inmate, who fashioned a shank from a piece of metal from a ceiling vent. Plaintiff did not know Brown prior to entering the jail, and he did not perceive Brown as threat prior to the first attack. Moreover, even after that first

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).
[2] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

attack, plaintiff did not report the incident to anyone at the jail; rather, he simply went to bed. While in bed a few hours later, he was attacked by Brown a second time. After that second attack, plaintiff finally summoned a guard for assistance. Plaintiff reported the attacks at that time, and he was promptly taken to the jail medical unit and then on to the emergency room for medical treatment. Plaintiff stated that he received medical attention within fifteen minutes of summoning assistance. At the Spears hearing, plaintiff testified that he sued Sheriff Lopinto because he operates the jail.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[3] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

Although broadly construing the complaint,[4] the undersigned, for the following reasons, recommends that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

The first defect in plaintiff's lawsuit concerns his choice of the defendant. In this lawsuit, plaintiff sued only Jefferson Parish Sheriff Joseph Lopinto. Although plaintiff did not indicate whether Sheriff Lopinto was being sued in his official capacity, his individual capacity, or both, the allegations were insufficient to state a claim against Sheriff Lopinto in either capacity.

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

While a local government official, such as Sheriff Lopinto, may be sued in his official capacity, "[o]fficial capacity suits generally represent another way of pleading an action **against an entity of which an officer is an agent**." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999) (emphasis added); accord Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is *not* a suit against the official personally, for the real party in interest is the entity." (citation omitted)); Spikes v. Phelps, 131 F. App'x 47, 48 (5th Cir. 2005) ("The liability, if any, flowing from a federal civil rights suit based on official capacity, runs against the local government entity, not the individual defendant.").  Therefore, if a local government official is sued in his official capacity, then the actual defendant is the local governmental entity he serves and special pleading requirements must be met in order to state a claim against such an entity.

Specifically, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.**  To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.**  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must **identify** the

4

policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff did not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he failed to state a proper official-capacity claim against Sheriff Lopinto.

A government official may also be sued in his individual (or personal) capacity. But such individual-capacity claims are restricted in one significant sense: the individual sued must have been **personally involved** in the purported constitutional violation. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Because there is no vicarious liability under § 1983, an individual-capacity claim against a supervisory official fails absent well-pled allegations of his personal involvement or some other form of causation to connect him to a violation purportedly committed by his subordinate. Marks v. Hudson, 933 F.3d 481, 490 (5th Cir. 2019); accord Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Sanchez v. Young County, 866 F.3d 274, 281 (5th Cir. 2017) ("Supervisors cannot be held liable for constitutional violations … if they had no personal involvement."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Here, plaintiff did not allege that Sheriff Lopinto had any personal involvement in this incident; on the contrary, at the Spears hearing, plaintiff conceded that Sheriff Lopinto was not

personally involved.  Moreover, plaintiff explained that he named Sheriff Lopinto as the defendant because he runs the jail – but that fact alone is insufficient to serve as a basis for liability.  See, e.g., Celestine v. Gusman, Civ. Action No. 15-1353, 2015 WL 7752314, at *4 (E.D. La. Oct. 1, 2015) ("[P]laintiff conceded at the Spears hearing that there was no such personal involvement on the sheriff's part, explaining that he sued [the sheriff] simply because he is the head of the jail.  However, [the sheriff] cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of strict liability or vicarious liability." (footnotes omitted)), adopted, 2015 WL 7756103 (E.D. La. Dec. 1, 2015).

For the foregoing reasons, Sheriff Lopinto simply was not a proper defendant with respect to plaintiff's failure-to-protect claim.  Further, because plaintiff's underlying claim is frivolous for the following reasons, it is unnecessary to afford him an opportunity to attempt to name a different defendant in this lawsuit.  See, e.g., Martzen v. McLane, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has "already alleged his best case and ... any further amendment would not have stated a valid § 1983 claim"); Smith v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) ("[T]he Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted ....").

Clearly, pursuant to the Fourteenth Amendment, penal officials have a duty to provide a pretrial detainee in their custody "with basic human needs, including … protection from harm protection from harm, during [his] confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  That said, those officials "are expected to provide only reasonable, not

absolute, safety." Williams v. Gusman, Civ. Action No. 15-96, 2015 WL 5970424, at *8 (E.D. La. Oct. 14, 2015) (quotation marks omitted).

Therefore:

> To establish a failure-to-protect claim under § 1983, [an inmate] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted). Accordingly, "[a]ctual knowledge and appreciation of the risk are required." Smith v. Jaramillo, 394 F. App'x 183, 185 (5th Cir. 2010). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998); accord Dangerfield v. Dyson, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

Here, there is no allegation that any jail official was aware that Brown posed an obvious, substantial risk to plaintiff. There was no history of animosity between plaintiff and Brown, and not even plaintiff himself had advance warning of the first attack. Moreover, because plaintiff did not report that first attack to anyone, jail officials likewise had no reason to anticipate the second attack. Accordingly, a failure-to-protect claim against any jail official would fail, because such an official cannot be said to have been deliberately indifferent in failing to protect against a potential harm of which he was unaware. Farmer v. Brennan, 511 U.S. 825, 844 (1994); Taylor v. Gusman, Civ. Action No. 16-11770, 2016 WL 7115958, at *6-8 (E.D. La. Nov. 10, 2016), adopted, 2016 WL 7097543 (E.D. La. Dec. 6, 2016); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __8th__ day of September, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**